UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 3:08-0960 |
| MURPHY DEVELOPMENT, LLC., et al., ) | JUDGE ECHOLS |
| ) | |
| Defendants/Third-Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| BERNARD WEINSTEIN & ) | |
| ASSOCIATES, et al., ) | |
| ) | |
| Third-Party Defendants. ) | |

**ORDER**

The United States of America initiated this action by filing suit against the owners and/or developers of several multifamily apartment complexes alleging that the designs and construction of the apartment complexes violate the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 (the "FHA"), 42 U.S.C. §§ 3601-3619, and Title III of the Americans With Disabilities Act of 1990 (the "ADA"), 42 U.S.C. §§ 12181-12189. Two Third-Party Complaints were filed against architects, engineers, and contractors who were involved in the design and construction of the apartment complexes, seeking indemnity and/or contribution for all damages and costs that may be incurred by the Defendants/Third-Party Plaintiffs as a result of the action filed against them by the United States of America. The Third-Party Plaintiffs seek indemnity and/or contribution from the Third-Party Defendants under theories of express indemnity, implied indemnity, breach of contract, negligence, and violations of the FHA.

1

The Court now has before it a series of motions to dismiss that were filed by Third-Party Defendants who claim there is no express or implied right to indemnity or contribution under the FHA or ADA. Therefore, the Third-Party Defendants contend that the Third-Party Plaintiffs' federal claims for indemnity and contribution under the FHA and the ADA should be dismissed, as well as any derivative state-law claims.

In enacting the FHA, Congress limited recovery for handicap discrimination to handicapped persons who assert they were subjected to discriminatory housing practices. United States v. Gambone Bros. Dev. Co., 2008 WL 4410093 *3 (E.D. Pa. Sept. 25, 2008). A defendant that is itself liable under the FHA for handicap discrimination is "clearly not among the class which the statute is intended to protect, but rather is the party whose conduct the statute was intended to regulate." Id. at *8 (quoting United States v. Quality Built Constr., Inc., 309 F.Supp.2d 767, 778 (E.D. N.C. 2003)). The Third-Party Plaintiffs are not handicapped persons, nor have they demonstrated that they were discriminated against due to a handicap. They also do not meet the buyer, renter or resident of a dwelling requirement under 42 U.S.C. § 3604(f)(1).

The Sixth Circuit has not yet issued an opinion on whether the FHA or the ADA provide an express or implied right to indemnity or contribution. The federal courts that have considered the question, however, are in universal agreement that there is no express or implied right to indemnity or contribution under the FHA or ADA. See Quality Built Constr., Inc., 309 F.Supp.2d at 778-779 (applying Northwest Airlines, Inc. v. Transportation Workers of Am., 451 U.S. 77 (1981)); United States v. Shanrie Co., 610 F.Supp.2d 958, 960- 961 (S.D. Ill. 2009); Mathis v. United Homes, LLC, 607 F.Supp.2d 411, 421-423 (E.D. N.Y. 2009); Equal Rights Ctr. v. Archstone Smith Trust, 603 F.Supp.2d 814, 821-822 (D. Md. 2009); Sentell v. RPM Mgt. Co., 2009 WL 2601367 at *4

2

(E.D. Ark. Aug. 24, 2009); Gambone Bros. Dev. Co., 2008 WL 4410093 at **7-9; Access 4 All, Inc. v. Trump Int'l Hotel and Tower Condominium, 2007 WL 633951 at **6-7 (S.D. N.Y. Feb. 26, 2007). Further, as the district court noted in Quality Built Constr., 309 F.Supp.2d at 779, there is nothing in the legislative history of the FHA which states or implies such a right to contribution or indemnity. The comprehensive character of the FHA precludes a finding that a federal common law right to indemnity and/or contribution exists under the FHA. Mathis, 607 F.Supp.2d at 423. Likewise, there is no right to indemnity and/or contribution under the ADA. Equal Rights Ctr., 603 F.Supp.2d at 822. The Court agrees with the reasoning and conclusions found in these cases, and the Court will follow them as persuasive authority.

Third-Party Plaintiff Azalea Development, LLC relies on an unpublished case from the Third Circuit. Snyder v. Bazargani, 2009 WL 1204557 (3rd Cir. May 5, 2009). There, a Third Circuit panel stated: "We have held that there is a right to contribution from joint tort-feasors under the Fair Housing Act. See Miller v. Apartments & Homes of New Jersey, Inc., 646 F.2d 101, 110 (3rd Cir. 1981))." Id. at *2. However, the Third Circuit panel that decided Miller expressly noted in the opinion that "[t]his case deals only with the effect of a settlement by one defendant in a tort case upon the liability of non-settling defendants. It does not deal directly with problems of contribution among joint tortfeasors." Miller, 646 F.2d at 105 n.5. Thus, the unpublished decision in Snyder appears to misconstrue the issue and the holding in Miller. Moreover, Snyder does not engage in any analysis on the indemnity and contribution issues, unlike the thorough and well-reasoned cases cited in the preceding paragraph and followed by this Court.

Because Third-Party Plaintiffs may not bring indemnity and/or contribution claims against the Third-Party Defendants under the FHA or the ADA, the Court will dismiss all such claims with

prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Third-Party Plaintiffs' state-law claims for express or implied indemnity and/or contribution will also be dismissed with prejudice because they are *de facto* claims for indemnity and contribution that are preempted by federal law. Such derivative indemnity and contribution claims are barred because allowing recovery under state law for indemnity and/or contribution would frustrate the achievement of Congress' purposes in adopting the FHA and the ADA. <u>Equal Rights Ctr.</u>, 603 F.Supp.2d at 824. The Court will dismiss without prejudice the state-law claims for breach of contract and negligence and leave it to the state courts to determine whether such claims are viable. <u>See</u> <u>id.</u> Any other proffered grounds for dismissal are denied as moot. Any alternative requests to stay the case pending arbitration pursuant to arbitration provisions in applicable contracts are also denied as moot.

With the motions to dismiss granted and third-party claims dismissed, the Court must consider Defendants' motion for a settlement conference with the United States. Defendants represent that the United States does not oppose the motion. The United States did not file any response to the motion. Therefore, the Court finds that a settlement conference should be conducted on the United States' claims brought in the First Amended Complaint against the Defendants. The Court will refer the case to Magistrate Judge Joe B. Brown to conduct the settlement conference. Magistrate Judge Brown will contact the parties to set a date and time for the settlement conference and he will issue an Order setting forth any requirements the parties must meet in advance of the settlement conference. Accordingly,

(1) the Motion To Dismiss Or In The Alternative To Stay Pending Arbitration (Docket Entry No. 87), filed by Third-Party Defendant Construction Enterprises, Inc., is hereby GRANTED IN PART, DENIED IN PART, and DENIED AS MOOT IN PART, as explained in this Order;

4

(2) the Motion of Defendant John Coleman Hayes Construction to Dismiss And Alternatively, To Stay Proceedings Against It And To Refer Third Party Claims To Mediation and Arbitration (Docket Entry No. 91), is hereby GRANTED IN PART, DENIED IN PART, and DENIED AS MOOT IN PART, as explained in this Order; further, the Motion is granted on the federal and derivative state-law indemnity and/or contribution claims on the basis of Federal Rule of Civil Procedure 12(b)(6) and not on Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction;

(3) the Third-Party Defendant Summit Contractors, Inc.'s Motion To Dismiss (Docket Entry No. 96), is hereby GRANTED IN PART and DENIED IN PART as explained in this Order; further, the Motion is granted on the federal and derivative state-law indemnity and/or contribution claims on the basis of Federal Rule of Civil Procedure 12(b)(6) and not on Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction;

(4) the Third-Party Defendant Michael Brady, Inc.'s Motion To Dismiss (Docket Entry No. 99), is hereby GRANTED IN PART and DENIED IN PART as explained in this Order;

(5) the Third-Party Defendant Bernard Weinstein & Associates' Motion To Dismiss (Docket Entry No. 101), is hereby GRANTED IN PART and DENIED IN PART as explained in this Order;

(6) the Third-Party Defendant Charles Pilgrim Associates' Motion To Dismiss (Docket Entry No. 103) is hereby GRANTED IN PART and DENIED IN PART as explained in this Order;

(7) the Third-Party Defendant Ragan Smith Associates, Inc.'s Motion To Dismiss (Docket Entry No. 105) hereby GRANTED IN PART and DENIED IN PART as explained in this Order;

5

(8) the Motion Of Defendant John Coleman Hayes Construction Co., Inc. To Dismiss And Alternatively, To Stay Proceedings Against It And To Refer Third Party Claims Of Azalea Development, LLC to Arbitration (Docket Entry No. 107) is hereby GRANTED IN PART, DENIED IN PART, and DENIED AS MOOT IN PART, as explained in this Order; further, the Motion is granted on the federal and derivative state-law indemnity and/or contribution claims on the basis of Federal Rule of Civil Procedure 12(b)(6) and not on Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction;

(9) the Motion Of Third-Party Defendant William K. Barry To Dismiss The Third Party Complaint of Azalea Development, LLC (Docket Entry No. 141) is hereby GRANTED IN PART and DENIED AS MOOT IN PART, as explained in this Order; further, the Motion is granted on the federal and derivative state-law indemnity and/or contribution claims on the basis of Federal Rule of Civil Procedure 12(b)(6) and not on Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction;

(10) the First Amended Third Party Complaint (Docket Entry No. 79) and the Third Party Complaint of Azalea Development, LLC (Docket Entry No. 90) are hereby DISMISSED; the federal express and implied indemnity and/or contribution claims brought under the FHA and/or the ADA and the derivative state-law indemnity and/or contribution claims are DISMISSED WITH PREJUDICE for failure to state a claim under Rule 12(b)(6), and any breach of contract or negligence claims are DISMISSED WITHOUT PREJUDICE;

(11) the Joint Motion of Summit Contractors, John Coleman Hayes Construction, Construction Enterprises, Inc., Ragan Smith Associates, Inc., Bernard Weinstein & Associates, Charles Pilgrim Associates, and Michael Brady, Inc. to Inquire As To The Status Of Pending

Motions To Dismiss And To Request The Granting Of The Motions To Dismiss (Docket Entry No. 130) is hereby DENIED AS MOOT;

(12) John Coleman Hayes Construction Co., Inc.'s Motion For Leave To File Reply Memorandum To Response Of Third Party Plaintiffs To Motion To Inquire As To The Status Of Pending Motions To Dismiss And To Request The Granting Of The Motions To Dismiss (Docket Entry No. 135) is hereby GRANTED, and the Clerk is hereby directed to file the Reply Memorandum appearing at Docket Entry No. 135-1 under a separate docket entry number;

(13) Azalea Development, LLC's Motion To Extend The Time To Respond To The Motion To Dismiss Filed By William K. Barry (Docket Entry No. 146) is hereby DENIED AS MOOT;

(14) what remains for the Court to consider are the FHA and ADA claims brought by the United States against the Defendants;

(15) Defendants' Motion For Settlement Conference (Docket Entry No. 110) is hereby GRANTED; and

(16) the case is referred to Magistrate Judge Joe B. Brown only for the purpose of conducting a settlement conference between Plaintiff, the United States of America, and the Defendants named in the First Amended Complaint.

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE